UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAFAEL AGOSTO,

                      Plaintiff,                    9:15-cv-506
                                                            (GLS/DJS)

            v.

M.J. LINA et al.,

                      Defendants.
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Rafael Agosto
Pro Se
95-A-3133
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN      ADRIENNE J. KERWIN
New York Attorney General            KYLE W. STURGESS
The Capitol                                  Assistant Attorneys General
Albany, NY 12224

## SUMMARY ORDER

      On January 9, 2017, the court imposed a bar order on plaintiff *pro se* Rafael Agosto, which, among other things, requires him to seek leave of the court before filing any document *pro se* in this matter. (Dkt. No. 64.) Pending is Agosto's "MOTION TO REPLY, OBJECT AND RETURN" an

order issued on February 9, 2017, (Dkt. No. 71), which struck an earlier filing for failure to comply with the bar order, (Dkt. No. 70).  The recent filing was not accompanied by an application for leave to file it as required by the bar order.  (Dkt. No. 64 at 3.)[1]  Accordingly, the document, (Dkt. No. 71), is stricken for failure to comply with the bar order.[2]  This is the third occasion that Agosto has filed a document without seeking prior permission from the court despite repeated warnings that refusal to abide by the court's order could result in dismissal of his action.  (Dkt. Nos. 64, 65, 67, 68, 70, 71.)  The time has now come for the court to consider whether dismissal is warranted.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action for failure to comply with a court order.  Such a dismissal "may be made *sua sponte*."  *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).  Where the offending party is a *pro se* litigant, as is the case here, dismissal is warranted "'only when the circumstances are sufficiently extreme.'"  *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  The following factors inform the dismissal analysis:

---

[1] Neither was a more recent filing.  (Dkt. No. 73.)

[2] The most recent filing, (Dkt. No. 73), is likewise stricken.

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 112-13.

Here, the circumstances are sufficiently extreme to warrant dismissal and the factors weigh heavy in favor of dismissal. The court's efforts to curb Agosto's prolonged improper conduct are well documented. (Dkt. Nos. 51, 54, 57, 64, 67, 70.) Agosto was put on notice that his frivolous and procedurally improper filings could result in the imposition of sanctions, including dismissal, and the court ultimately imposed a leave to file sanction in the hopes that a sanction short of dismissal would help to ameliorate Agosto's vexatiousness. (Dkt. Nos. 51, 57, 64, 67, 70.) The court's hopes were not realized. Despite the admonishments and leave to file sanction, Agosto persisted in his dubious filings over a period of several months. The factors decidedly weigh in favor of dismissal, and the court hereby dismisses this action as a sanction for Agosto's contumacious refusal to abide by this court's orders.

The court also notes that a motion to dismiss for lack of prosecution is pending, which has been referred to Magistrate Judge Daniel J. Stewart. (Dkt. No. 66.) The arguments advanced by defendants — that Agosto has refused to submit to a meaningful deposition and otherwise refused to comply with Judge Stewart's discovery orders, (Dkt. No. 66, Attach. 7 at 4-11) — are all amply borne out by the record and supported by the law. Therefore, dismissal under Rules 37(b) and 41(b) is alternatively warranted for exactly the reasons explained by defendants in their motion to dismiss.

Accordingly, it is hereby

**ORDERED** that Agosto's filings of February 21, 2017 and March 9, 2017 (Dkt. Nos. 71, 73) are **STRICKEN**; and it is further

**ORDERED** that Agosto's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk shall provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 13, 2017
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge